IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:20-MJ-02336 |
| v. ) | |
| ) | MAGISTRATE JUDGE FRENSLEY |
| CALEB D. JORDAN ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States files this memorandum in support of pretrial detention of the defendant Caleb D. Jordan. The defendant was arrested on April 18, 2020, for attempted production of child pornography and transportation of child pornography. At the initial appearance on April 20, 2020, the United States requested that the defendant be held as a danger to the community, pursuant to 18 U.S.C. §3142(f)(1)(A). The United States seeks the defendant's continued detention pending trial in this matter on this basis.

**I.      PROCEDURAL BACKGROUND**

On April 18, 2020, the United States obtained a criminal complaint against the defendant, Caleb D. Jordan, on one count of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). The complaint alleges that from October 2019 through April 18, 2020, the defendant solicited sexually explicit videos from minor boys online and transported child pornography to other like-minded individuals online. On April 20, 2020, the defendant had an initial appearance before U.S. Magistrate Judge Frensley. The Court ordered the defendant detained pending a detention hearing set for April 23, 2020.

## II. LEGAL PRINCIPLES GOVERNING REQUESTS FOR DETENTION

### A. Rebuttable Presumption of Detention

There is a rebuttable presumption in this case that the defendant should be detained pending trial. According to 18 U.S.C. § 3142(e)(3)(E), if any judicial officer finds probable cause to believe that the defendant has committed an offense involving a minor victim under 18 U.S.C. § 2251 or § 2252A(a)(1), it "shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." In this case, a United States Magistrate Judge signed a criminal complaint against the defendant based on a finding of probable cause that he committed offenses under 18 U.S.C. § 2251 and 2252A(a)(1). The United States also expects to show the existence of probablea cause again at the hearing on April 23, 2020. With a finding that there is probable cause to believe that the defendant committed the charged crimes, a rebuttable presumption of detention will apply.

### B. Factors Justifying Detention

The presumption set forth in 18 U.S.C. § 3142(e)(3) places the burden of production on the defendant, and the burden of persuasion on the government. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). In order to overcome that burden, the defendant must set forth some evidence that he does not pose a danger to the community or a risk of flight. *Id.* Even when the defendant satisfies his burden, the presumption of detention does not disappear, but remains a factor to be considered among those weighed by the court. *Id.* Rather, the presumption, which "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial," remains a factor to be considered among those weighed by the district court. *Id*. The government retains the burden of persuasion on the ultimate issue of pretrial detention. *Id.*

In determining whether the government has met its burden of persuasion, this Court must consider four factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim; (2) the weight of the evidence against that person; (3) the personal history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Abboud*, 42 F. App'x 784, 785 (6th Cir. 2002). A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2); *Stone*, 608 F.3d at 945. When "risk of flight" is the basis for detention, however, the government must only satisfy a preponderance of the evidence standard. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Even if the defendant does not pose a serious flight risk, danger to the community alone is sufficient to order pretrial detention. *United States v. Salern,* 481 U.S. 739, 755 (1987).

## C. **Factual Proffer of the Evidence Supporting the Charges Against Defendant Jordan.**[1]

Homeland Security Investigations ("HSI") Special Agent Jonathan Hendrix will be the United States' sole witness at the hearing on Thursday, April 23, 2020. He is expected to testify about the investigations that led to the arrest of Caleb D. Jordan.

Beginning October 17, 2019, and continuing through December 2020, the TBI and the Wilson County Sheriff's Office received four complaints from concerned parents whose children had been communicating with an individual online during which that individual was offering

---

[1] "[C]onducting a bail hearing by proffer is acceptable under the law and at the discretion of the district court." *Stone*, 608 F.3d at 949-950 (citation omitted); *see also United States v. Smith,* 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("Every circuit to have considered the matter . . . [has] permitted the Government to proceed by way of proffer.") (citing cases). The government notes, however, that it anticipates calling a law enforcement witness at the detention hearing in this case.

3

money to engage in sexual activity with a minor boy, as well as paying minor boys to send him sexual explicit videos of themselves. Many of these children lived in Mt. Juliet, where the defendant resided. One complaint came from a family in Pennsylvania whose minor sons had been victimized previously by the defendant. During TBI interviews with these families in January and February of 2020, the agents identified 8 potential victims, most of whom were local and knew the defendant in person and/or online.

In a separate HSI investigation in April 2020, an HSI Special Agent was conducting an online undercover operation on a social media and chat application. Leading up to this time, the HSI Special Agent had infiltrated online groups that were dedicated to the exchange of child pornography. While present in one of these online groups that was dedicated to the discussion and exchange of child pornography depicting prepubescent boys, the undercover agent encountered a user who was offering to sell child pornography videos and who later was found to be the defendant. Within the group, Jordan claimed to other members of the group that he had been sexually abusing his younger brother and that videos of the abuse were available for purchase. In an apparent attempt to advertise his videos, Jordan posted several clips of a prepubescent boy performing oral sex on an older boy.[2] After viewing these videos, the undercover agent engaged Jordan in online conversation. The defendant told the undercover agent that he made his own videos. In the course of their discussions, the undercover agent agreed to purchase a child pornography video from Jordan, who stated that the first purchased video would be a randomly selected existing video, but that in the future, he could offer custom-made videos.

After the HSI agent made a partial payment, Jordan sent him a link to a video on a file-sharing site. The agent downloaded the video and saw that it depicted a prepubescent boy,

---

[2] It was later determined that Jordan did not appear on any of the videos discussed herein.

4

Case 3:20-cr-00165 Document 7 Filed 04/21/20 Page 4 of 10 PageID #: 23

approximately 10 to 12 years old, lying back on a bed with his head hanging over the edge. An older boy was standing over him and repeatedly thrusting his erect penis into the younger boy's mouth. The younger boy can be heard gagging on the older boy's erect penis. The username that Jordan had been using on the chat application appeared on both the title of the video and as a label at the bottom of the screen while the video plays.

In an effort to identify the seller of the video, HSI served summonses on the companies that facilitated the payment. In response, one of the companies provided a document stating that the name on the account that received the payment was "caleb," the associated email address included the text "jordancaleb," and the billing addresses for the credit cards associated with the account included Jordan's current and former addresses in Mount Juliet, Tennessee.

During the TBI investigation, agents sought a search warrant to obtain information associated with the defendant's Instagram account in January 2020. The search warrant returns from Instagram arrived in April 2020 and showed online communication between the defendant and the two boys depicted in the video purchased by the HSI undercover agent. That communication showed the defendant coercing the boys to record themselves engaged in sexual activity dictated by the defendant, and threatening the boys that they would have to redo the video if they didn't get it right the first time. One of the boys resisted unsuccessfully, stating that the other boy had cried in three or four previous videos. The investigation further showed that the defendant had provided money and gift cards to the victims.

HSI agents sought a search warrant and arrest warrant for the defendant on April 18, 2020, as noted above. When law enforcement agents knock at the front door, defendant fled. It took two agents to track him down four blocks from his home.

5

Agents have been able to identify the two boys depicted in the purchased video, both of whom live out of state and are not included in the count of potential victims identified in the TBI investigation. The boys are 11 and 13 years old and have reported that they were complying with Jordan's requests because they were extremely scared of him. A friend of these boys, age 12, also has been identified as a victim. The defendant had threatened this young boy by sending him a screen capture of his friends' father's construction business website in which the text had been changed to make it look liked it was a Dark Net assassination request.

Preliminary examination of some of the devices reveals that the defendant was in possession of thousands of images and videos of child pornography, few of which had been seen before by the National Center for Missing and Exploited Children, which is a national database of all suspected child pornography that has been seen in previous law enforcement investigations.

### III. THIS COURT SHOULD DETAIN THE DEFENDANT AS A DANGER TO THE COMMUNITY.

This court should apply the presumption in this case and detain the defendant. Moreover, and as outlined below, even if this Court finds that the defense had overcome the presumption, the United States has met its burden by showing that there is clear and convincing evidence that the defendant should be detained pending trial, in order to ensure the safety of the community.

#### A. The Nature and Circumstances of the Offense

The nature and circumstances of the offenses charged in this case militate strongly in favor of detention. The defendant faces serious charges that involve his coercion of minor boys to record themselves engaged in sexual activity and to send the videos to him. He also sold these produced videos within an online community focused on the sexual abuse of prepubescent boys. At this early stage of the investigation, at least 11 minor boys have been identified as victims or potential

6

Case 3:20-cr-00165   Document 7   Filed 04/21/20   Page 6 of 10 PageID #: 25

victims. Based on all law enforcement investigations, this criminal behavior has been going on for a significant amount of time.

Reflecting the seriousness of this charge, defendant faces a sentence of 15 to 30 years, pursuant to 18 U.S.C. § 2251, and 5 to 20 years, pursuant to 42(b), and up to 10 years pursuant to 18 U.S.C. § 2252A(a)(1). These time periods represent substantial penalties, which might serve as a strong motivation for the defendant to flee if he were to be released.

Furthermore, at this particular time during a national crisis due to COVID-19, there are an untold millions of minor children at home using the internet, often unsupervised if their parents are away from the home for work. Allowing the defendant to be in the community poses a serious and real risk that he will continue his pattern of contacting minor boys for the purposes of coercing them to engage in sexual activity that he then can sell to other like-minded people online. Due to the substantial danger to children he poses, any proposed release conditions are unable to provide reasonable assurances for the safety of the community.

### B. The Weight Of Evidence Against Defendant

The weight of the evidence of the defendant's dangerousness is strong. The defendant has been caught engaging in this behavior previously, has gotten treatment, and has returned to this illegal conduct yet again. Just this month, he sold a video, which he had coerced two boys to create, for $100 in an online group dedicated to the discussion of child pornography. His motivation and ability to commit his criminal behavior online, even after previous dealings with law enforcement, indicates the danger he would pose even if he were to be released to home confinement. The vast quantity of child pornography found in preliminary examinations of the seized devices also represents the enormous amount of time that the defendant has devoted to this criminal activity.

7

### C. The History and Characteristics of the Defendant

The defendant has been identified by law enforcement on two previous occasions for the same kind of online child exploitation behavior, and yet he has continued unabated. He has multiple accounts on various social media applications, such as Instagram. He uses these various platforms to coerce minor boys to make sexually explicit videos for him, to chat with other like-minded individuals who have an interest in child pornography, and to sell videos he has produced. At this time, the full extent of the criminal behavior is unknown. However, the defendant's vast collection of child pornography indicates that his exploitation of children has been extensive. Furthermore, the information from the Instagram account sought by TBI consists of 68,000 pages and will take time to review. It is expected that other accounts may have similar volumes.

### D. The Nature and Serious of the Danger to Any Person or the Community

For the reasons previously referenced related to the defendant's coercion of minors to record themselves engage in illegal sexual activity, sale of those recordings, and involvement in an online group dedicated to the discussion and trade of child pornography of prepubescent boys, the defendant poses a serious danger to community. His release in this case would therefore compromise the safety of the general public. Additionally, due to the plethora of ways of accessing the internet, if the defendant is released he is likely to remain at home, where he might be able to continue contacting minor boys to coerce them to record themselves engaging in sexual activity, something that the investigators believe he has been doing for several years, based on previous investigations.

## IV.   NATIONAL PANDEMIC – COVID-19

It is the understanding of the undersigned AUSA that at this juncture, the defendant is housed at the Warren County Regional Jail in Kentucky, and that no federal inmates housed at that facility have tested positive for COVID-19.  Currently, the United States is unaware of any medical conditions of the defendant that would make him more vulnerable to COVID-19 under the CDC Guidelines.  Without knowledge as to any serious medical conditions of the defendant, under a consideration of the factors as laid out in the Attorney General's April 6, 2020 Memorandum: *Litigating Pre-Trial Detention Issues During the COVID-19 Pandemic*, the United States believes the seriousness of the offenses as alleged and the danger the defendant poses to the public, especially children, outweighs the risks to the defendant of detention.

## V.   CONCLUSION

For the foregoing reasons, as well as any reasons which may be set forth at the hearing on the underlying motion to detain, the United States respectfully submits that there exists no condition or combination of conditions that would assure the safety of any person or the community. Accordingly, the United States requests that the Court order the defendant detained pending trial.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

*s/ S. Carran Daughtrey*
S. Carran Daughtrey
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
(615) 736-5151

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served upon counsel for the defendant via ECF and by email this 21st day of April 2020.

*s/ S. Carran Daughtrey*
S. Carran Daughtrey