UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:20-mj-02336 |
| v. ) | JUDGE FRENSLEY |
| ) | |
| CALEB JORDAN ) | |

**UNITED STATES' MOTION TO SUSPEND**
**THE 30-DAY STATUTORY SPEEDY TRIAL CLOCK**
**AND EXCLUDE SUCH TIME FOR ALL SPEEDY TRIAL ACT PURPOSES**

The United States of America, by and through its attorneys, Donald Q. Cochran, United States Attorney for the Middle District of Tennessee, and S. Carran Daughtrey, Assistant United States Attorney, hereby move this Court for the following reasons to suspend the 30-day time period imposed by the Speedy Trial Act for returning an indictment in the above-captioned case, and to exclude such time for all Speedy Trial Act purposes, including, but not limited to the 30-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed, and the 90-day time period under 18 U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because he is awaiting trial. In support of this motion, the United States provides the following facts.

The United States initiated this case via complaint and arrest warrant. (D.E. 1). Defendant Caleb Jordan was arrested on April 18, 2020, and he first appeared before this Court on April 20, 2020. The Defendant was detained pending a detention hearing. A preliminary hearing was held on April 23, 2020, and a detention hearing was waived, at which time the Defendant was detained on motion by the United States. (D.E. 9).

The Speedy Trial Act typically requires an indictment or information to be filed within 30 days from the date on which a defendant was arrested. *See* 18 U.S.C. § 3161(b). The Speedy Trial

Act also typically requires the trial of any person who is detained solely because he or she is awaiting trial to commence no later than 90 days following the beginning of such continuous detention. Thus, under normal circumstances, the United States would have been required to seek an indictment or file an information no later than May 18, 2020, and trial would have been required to start no later than July 17, 2020.

On March 16, 2020, this Court issued Administrative Order 209, which included a directive stating that, "all Grand Jury proceedings scheduled to take place between March 17, 2020 and April 30, 2020, are continued. Accordingly, all related deadlines are suspended and tolled for all purposes, including the statute of limitations, from March 17, 2020 through April 30, 2020. (Admin. Order 209, ¶ 6.) The Court entered Administrative Order 209 in response to the public-health emergency declared throughout the State of Tennessee by Tennessee's Governor, to address public-health concerns related to the spread of the coronavirus (COVID-19). (*Id.*)

Since March 16, 2020, the Court has issued two amended Administrative Orders. On April 29, 2020, the Court issued the Second Amended Order and continued all grand jury proceedings through May 31, 2020. (Second Amended Admin. Order 209, ¶ 6.) The Order also tolled deadlines, including the statute of limitations. *Id.* On May 22, 2020, the Court issued the Third Amended Administrative Order 209, and continued Grand Jury proceedings through June 30, 2020. The Order states, in relevant part:

> All grand jury proceedings scheduled through June 30, 2020, are continued. Having previously polled grand jurors as to their willingness and availability to serve and meet a quorum due to issues related to COVID-19, the Court remains concerned that jurors are still more focused on health and safety concerns and a return to some form of normalcy in their lives, which would create a major distraction on their work as grand jurors. Accordingly, all related deadlines are suspended and tolled for all purposes, including the statute of limitations, through June 30, 2020.

(Third Amended Admin. Order 209, ¶ 8.)

Because no grand jury was in session during the 30-day period following the Defendant's arrest, the United States' deadline to seek an indictment or file an information was automatically "extended an additional thirty days," 18 U.S.C. § 3161(b), to June 17, 2020. But because no grand jury will be in session prior to, or in the weeks following, June 17, 2020, an additional extension or exclusion of time is required.

The Speedy Trial Act excludes from "the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," any period of delay based on a continuance granted by "any judge" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h) & (h)(7)(A). The court must set forth "in the record of the case" its reasons supporting such a finding, after considering the factors identified in the statute, among others. *Id.*, § 3161(h)(7)(A) & (B). The Third Amended Administrative Order expressly found that all deadlines related to grand jury proceedings would be "suspended and tolled for all purposes, including the statute of limitations, through June 30, 2020." (Third Amended Admin. Order 209, ¶ 8.) This express finding may be sufficient to exclude time under the Speedy Trial Act, and, by filing this motion, the United States does not suggest otherwise. Nevertheless, out of an abundance of caution, the United States asks the Court to enter an Order in this case excluding time under § 3161(h)(7)(A), based on a finding that the ends of justice are served by such a continuance because taking such action outweighs the best interest of the public and the defendant for a speedy trial.

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the statute, this Court's Administrative Orders, and public-health requirements, the United

States respectfully requests that this Court (1) grant this motion; (2) find that the ends of justice require the Court to suspend the 30-day clock, with the 30-day period to begin anew on the date that this Court, through a new Administrative Order, permits grand juries in the Middle District of Tennessee to resume meeting and proceed generally, in the normal course; (3) suspend the 30-day statutory speedy trial clock in this case, and (4) exclude the period of time between the date on which Defendant was arrested and the date on which this Court first permits grand juries in the Middle District of Tennessee to resume meeting and proceeding generally, for all Speedy Trial Act purposes, including, but not limited to the 30-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed, and the 90-day time period under 18 U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because he is awaiting trial.

A proposed order is attached.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney

By: /s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
(615) 736-5151

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2020, I sent a copy of the foregoing via the Court's electronic filing system to counsel for the defendant.

By: /s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant United States Attorney

- 4 -

Case 3:20-cr-00165   Document 17   Filed 06/03/20   Page 4 of 4 PageID #: 44