UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:20-mj-02336 |
| v. ) | JUDGE FRENSLEY |
| ) | |
| CALEB JORDAN ) | |

## ORDER

Having considered the United States of America's Motion to Suspend the 30-Day Statutory Speedy Trial Clock and Exclude Such Time for All Speedy Trial Act Purposes, as well as the three amended versions of Middle District of Tennessee's Administrative Order 209 In Re: Court Operations Under the Exigent Circumstances Created by COVID-19, and finding that good cause exist supporting the same, the Court hereby finds as follows:

1. The United States filed a complaint in this case on April 18, 2020, and this Court issued an arrest warrant on April 18, 2020. Defendant first appeared before a judicial officer of this Court, where charges were pending, on April 20, 2020, at which time Defendant was detained pending a preliminary hearing and detention hearing. On April 23, 2020, the preliminary hearing was held, the detention hearing was waived, and Defendant was detained on the motion of the United States.

2. On March 16, 2020, the U.S. District Court for the Middle District of Tennessee issued Administrative Order 209, which included a directive stating that, "all Grand Jury proceedings scheduled to take place between March 17, 2020 and April 30, 2020, are continued. Accordingly, all related deadlines are suspended and tolled for all purposes, including the statute of limitations, from March 17, 2020 through April 30, 2020. (Admin. Order 209, ¶ 6.) The Court entered Administrative Order 209 in response to the public-health emergency declared throughout

the State of Tennessee by Tennessee's Governor, to address public-health concerns related to the spread of the coronavirus (COVID-19). (*Id.*)

On April 29, 2020, the U.S. District Court for the Middle District of Tennessee issued the Second Amended Order and continued all grand jury proceedings through May 31, 2020 and tolled deadlines, including the statute of limitations. (Second Amended Admin. Order 209, ¶ 6.)

On May 22, 2020, the U.S. District Court for the Middle District of Tennessee issued the Third Amended Administrative Order 209, and continued grand jury proceedings through June 30, 2020. (Third Amended Admin. Order 209, ¶ 8.) The Order states, in relevant part:

> All grand jury proceedings scheduled through June 30, 2020, are continued. Having previously polled grand jurors as to their willingness and availability to serve and meet a quorum due to issues related to COVID-19, the Court remains concerned that jurors are still more focused on health and safety concerns and a return to some form of normalcy in their lives, which would create a major distraction on their work as grand jurors. Accordingly, all related deadlines are suspended and tolled for all purposes, including the statute of limitations, through June 30, 2020.

3. Because no grand jury was in session during the 30-day period following the Defendant's arrest, the United States' deadline to seek an indictment or file an information was automatically "extended an additional thirty days," 18 U.S.C. § 3161(b), to June 17, 2020. But because no grand jury will be in session prior to, or in the weeks following, June 17, 2020, an additional extension or exclusion of time is warranted.

4. Given the grave public-health concerns discussed in Administrative Order 209, including the Second and Third Amended Orders, and because, based on the current declaration of a statewide public-health emergency, the expected duration of which is presently unknown, this Court may need to extend Administrative Order 209 beyond June 30, 2020. For the same reasons, this Court cannot readily determine whether enough individual grand jurors will be in a position

to report for duty sufficient to maintain the required quorum in the event this Court lifts its grand-jury continuance outlined in the Third Amended Administrative Order 209. For these reasons, the ends of justice are served by suspending the statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b), resetting the 30-day period to begin anew on the date that this Court permits grand juries in the Middle District of Tennessee to resume meeting and proceeding generally, in the normal course, as communicated through a new Administrative Order, and excluding the period of time between the date on which Defendant was arrested and the date on which this Court first permits grand juries in the Middle District of Tennessee to resume meeting and proceeding generally, for all Speedy Trial Act purposes. Further, given the foregoing, doing so outweighs the best interest of the public and defendant in a speedy indictment and speedy trial.

5. Failure to grant the requested continuance suspending the statutory Speedy Trial Clock as associated exclusion could require to the Court to dismiss any complaint for which an information or indictment has not been filed within 18 U.S.C. § 3161(b)'s required time limit, either with or without prejudice, 18 U.S.C. § 3162(a)(1), which may result in a miscarriage of justice.

6. Failure to continue this case is also likely to put government counsel, witnesses, grand jurors, and Court personnel at unnecessary risk.

7. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the United States, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the statute, Administrative Order 209, and public-health requirements, the Court finds that the foregoing facts support: (1) suspending the 30-day statutory Speedy Trial Clock set forth in

18 U.S.C. § 3161(b); (2) resetting the 30-day period to begin anew on the date that this Court permits grand juries in the Middle District of Tennessee to resume meeting and proceed generally, in the normal course, as communicated through a new Administrative Order; and (3) good cause for a finding of excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice in granting such a suspension and continuance outweighs the best interest of the public and defendant in a speedy indictment and speedy trial.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b), which was originally set to expire on May 18, 2020, and then continued to June 17, 2020, under the automatic 30-day extension under 18 U.S.C. § 3161(b), is hereby suspended and continued until 30-days after the date on which this Court permits grand juries in the Middle District of Tennessee to resume meeting and proceed generally, in the normal course, based on the Court's assessment the public-health concerns raised by the coronavirus (COVID-19) and communicated through a new Administrative Order.

2. The time period of April 18, 2020, to the date that is 30 days after the date that this Court permits grand juries in the Middle District of Tennessee to resume meeting and proceed generally, in the normal course, communicated through a new Administrative Order, inclusive, is hereby excluded in computing the time for all Speedy Trial Act purposes, including but not limited to the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b), and for calculating the 90-day time period under 18 U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because he is awaiting trial, all under 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iii).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an indictment or information must be filed or a trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may, in the future, authorize the exclusion of additional time periods from the period within which indictment or information must be filed or a trial must commence.

IT IS SO ORDERED.

_____   _____
DATE                          JEFFERY S. FRENSLEY
                              UNITED STATES MAGISTRATE JUDGE
                              MIDDLE DISTRICT OF TENNESSEE