UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:20-cr-00165 |
| | ) | Judge Campbell |
| | ) | |
| CALEB D. JORDAN | ) | |

**UNOPPOSED MOTION TO CONTINUE TRIAL
AND PRETRIAL DEADLINES**

Caleb Jordan, through undersigned counsel, hereby moves this Honorable Court to continue the trial and to extend the pretrial deadlines. In support of this Motion, undersigned counsel would show the Court the following:

1. The trial is set to commence on December 7, 2021.

2. Mr. Jordan is charged with seven counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts 1-7); extortion, in violation of 18 U.S.C. § 875(b) (Count 8); distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 9); and possession of child pornography, in violation of 18 U.S.C. § 2252A(5)(b) (Count 10). If convicted as charged in the indictment, Mr. Jordan faces a minimum of 15 years imprisonment, up to, should consecutive sentencing be imposed, an effective sentence of life imprisonment.

3. The discovery in this case is voluminous. It includes materials seized by the government from multiple electronic devices, including approximately 68,000 pages from Instagram (a social media platform) and thousands of pages of communications and documentation from multiple web-based accounts. A forensic examination of a computer, cell phone, and various other electronic storage devices is required. The computer expert retained to examine the multiple devices seized by

1

the government has been delayed in his work on this case due to contracting COVID-19 and the weeks of recovery which ensued. Defense counsel's efforts to consult with the defendant have been stymied by an outbreak of COVID-19 in the Bowling Green jail where he is detained because attorney visits have been suspended. Due to the defendant's age (20) and his mental health condition (autism), in-person conferences with counsel to discuss his case and review the discovery materials is imperative. While the defendant continues to meet with counsel via often defective video conferencing systems and in the non-contact meeting booths in the United States Marshal Service's offices, such accommodations have impaired Mr. Jordan's ability to meaningfully communicate with counsel or efficiently review case materials. In short, despite defense counsel's diligent efforts over the last several months, it is apparent at this juncture that the discovery review, the defense investigation, and necessary consultation with the defendant will not be completed before the current trial date of December 7, 2021.

4. Mr. Jordan requests a continuance so that his counsel can complete her investigation of the government's case and defenses thereto, and prepare for trial. Without a continuance of the trial date and an extension of the pretrial deadlines, undersigned counsel will be unable to provide Mr. Jordan with effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

5. Undersigned counsel has conferred with AUSA Carrie Daughtrey regarding the need for a continuance of the trial. She indicated she has no objection for the reasons summarized above and discussed in more detail in counsels' phone conference.

6. If this case proceeds to trial, undersigned counsel will seek the appointment of co-counsel because of the complexity of the issues and proof. She has identified a Panel Lawyer who would

be willing to accept an appointment if the case could be continued to a date in July 2022 to enable her to be sufficiently prepared due to her current trial schedule. Should the Court determine that the case must be set at an earlier date, undersigned counsel requests that it not be set any earlier than mid-April or May 2022, regardless of whether an upcoming motion for appointment of co-counsel is granted. A continuance of at least such length is requested in part because of the quantum of work that remains to be completed and in part because of undersigned counsel's own trial schedule, including trials set before this Honorable Court on January 11, 2022 (*United States v. Ellis Bell*, Case No. 3:18-cr-193) and on March 1, 2022 (*United States v. Amador Magallon Guerrero*, Case No. 3:19-cr-118).

7. Mr. Jordan's Speedy Trial Waiver is submitted herewith. A continuance as requested herein will serve the interests of justice for both the defendant and the public.

Respectfully submitted,

s/*Kathleen G. Morris*
Kathleen G. Morris
P.O. Box 128091
Nashville, TN 37212
615-440-6223

**Certificate of Service**

I hereby certify that I filed this document through the Court's electronic filing system which generated a notification thereof to Assistant United States Attorney Carrie Daughtrey, 110 Ninth Avenue South, Suite A-961, this 30th day of September 2021.

s/*Kathleen G. Morris*
Kathleen G. Morris