UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.  3:20-CR-00165 |
| | ) | Judge Campbell |
| CALEB D. JORDAN | ) | |

## CONSENT PRELIMINARY ORDER OF FORFEITURE

Based on the Indictment and the representations and agreements of the United States of America and Defendant Caleb D. Jordan in this matter, as evidenced by the plea agreement and the factual basis thereof and the consent of the Defendant at the plea hearing, the Court finds as follows:

On October 14, 2020, the United States of America filed a ten count Indictment charging the Defendant, in pertinent part, with a violation of 18 U.S.C. §§ 2251(a) and (e) as charged at Count Six.

Pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 2253(a), the Forfeiture Allegation of the Indictment gave notice that upon conviction of production of child pornography as alleged in Count Six of the Indictment, the Defendant shall forfeit his interest in:

(1)     any visual depiction described in 18 U.S.C. § 2251 or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction which was produced, transported, mailed, shipped or received in violation of law;

(2)     any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

(3)     any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property;

including, but not limited to, electronic devices seized from the residence of Defendant, located on Ridgeview Drive in Mt. Juliet, Tennessee, on or about April 18, 2020, including, but not limited to, the following:

a)   an Apple iPhone XR;

b)   a Samsung laptop model NP530E5M;

c)   a PNY thumb drive (32G);

d)   a Sandisk Cruzer Glide thumb drive (64G);

e)   two silver/black thumb drives (1G);

f)   a red thumb drive (32G); and

g)   a Sandisk red/black thumb drive labeled High Cotton (8G)

(collectively "Subject Property").

The Defendant had notice of the intent of the United States to forfeit the Subject Property and has had an opportunity to be heard on this matter.

On January 31, 2023, the Defendant entered a plea of guilty to a violation of 18 U.S.C. §§ 2251(a) and (e), and the Court has accepted the plea of guilty and reserved acceptance of the Plea Agreement until sentencing, which is currently set for July 6, 2023.

There is a preponderance of the evidence that the Subject Property is subject to forfeiture because it constitutes personal property used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. §§ 2251(a) and (e) and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a).

Accordingly, IT IS HEREBY ORDERED:

A.   A Consent Preliminary Order of Forfeiture — extinguishing the Defendant's interest in the Subject Property and vesting it in the United States — is hereby taken against the

Defendant. The Subject Property shall be seized by the Attorney General (or his designee) and shall be turned over by any property custodian in possession thereof to the Attorney General (or his designee) to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

B.     Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment in a Criminal Case, specifically or by reference herein.

C.     The United States shall not be required to publish notice of the order of forfeiture or of the United States intent to dispose of the Subject Property in such a manner as the Attorney General (or his designee) may direct in accordance with Fed. R. Crim. P. 32.2 (b)(6)(D) and Fed. R. Civ. P., Supplemental Rule G(4)(a)(i)(A).

E.     The United States shall, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

D.     The United States shall not be required to publish or to provide written notice regarding any item of the Subject Property that the United States is unable to wipe clean.

E.     Pursuant to 21 U.S.C. § 853(n), any person or entity, other than the above-named Defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of their alleged interest in the Subject Property.  The hearing shall be held before the court alone, without a jury.

3

F.     If no third-party files a timely claim, this Consent Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

G.     Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

H.     Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that such discovery is necessary or desirable to resolve factual issues.

I.     Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided by 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

J.     Upon entry of a Final Order of Forfeiture granting free and clear interest in the Subject Property to the United States and a determination by the Attorney General (or his designee) that the Subject Property is no longer necessary for trial in this matter, then the Subject Property shall be wiped clean of all information, and the Attorney General (or his designee) may destroy the Subject Property without further Order of the Court.

K.     The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

_____
WILLIAM L. CAMPBELL, JR.
United States District Court Judge

4